BRADLEY WILLIAMS, Appellant, *v.* FROST & HOOKER, Respondents.

*Evidence—Witness—Parties.*—In an action by a passenger against a carrier for the loss of a trunk and its contents, where proof of the delivery of the trunk to the carrier is made by independent evidence, the plaintiff is a competent witness to prove the contents of the trunk. The statute, R. C. 1855, p. 1576, was not intended to restrict the competency of witnesses.

### *Appeal from Buchanan Common Pleas.*

*Bliss, Hill,* and *Hall & Oliver,* for appellant.

I. The court below erred in refusing to permit the deposition of plaintiff to be read in evidence, because, although a party to the record, he was, from the necessity of the case, a competent witness to prove the contents of the trunk lost, and the value of such contents—Edwds. on Bail. 304–5, 422–3; Story on Bail. § 454, and note; Greenl. on Ev. § 348, n. 2; Abbott's Pr. 325; Winters v. Clark, 5 Sand. 242.

*H. M. & A. H. Vories,* for respondents.

The common law rule was that no one directly interested in the event of the suit was competent to testify as a witness in the cause. To this rule there were certain exceptions, mostly from the law of necessity, and it is not denied that the evidence offered in this case comes within one of the exceptions to the common law rule, so far as it went to prove the contents of the trunk.

Our statute, however, wholly changed and reversed the common law rule; it provides that no person offered as a witness shall be excluded by reason of his interest in the event of the action.

The statute having changed and repealed the common law rule, and made a rule of its own, and then provided for the exceptions to the rule made, by what authority will the court create another exception which is in direct conflict with the plain language of the statute?—R. C. 1855, pp. 1576–8.

The Legislature of this State have given at least two legislative constructions of this act. R. C. 1855, p. 435, § 45, tit. Corp. R.R. provides that checks shall be fastened to all parcels of baggage taken by passengers; and if such baggage is not delivered on demand, that he shall recover the value of the same, and that he may. be himself a witness to prove the contents and value of his baggage. This makes another exception to the statutory rule, but only applies to railroad carriers or corporations.

The Legislature in 1857 passed another act by which they have made another exception to the rule created by statute, in which they provide that a party may be examined as a witness in behalf of his co-plaintiff, or co-defendant, as to any matter in which he is not jointly interested — Acts 1856–7, p. 181.

WAGNER, Judge, delivered the opinion of the court.

The plaintiff in his petition alleges that the defendants were common carriers; that they were on the 18th day of November, 1864, engaged in running a line of stages from St. Joseph, in the State of Missouri, to Council Bluffs, in the State of Iowa, for the purpose of carrying passengers and their baggage; that on the said 18th day of November, 1864, at the city of St. Joseph, the plaintiff took passage in a stage coach of the defendants for Council Bluffs, and paid the defendants the usual fare therefor, and that he delivered to the defendants, to be transported with himself to said Council Bluffs, his trunk with its contents, which defendants undertook to carry to said Council Bluffs, and there to deliver the same to plaintiff; that defendants did not transport and deliver said trunk and its contents to plaintiff, as they undertook to do, at Council Bluffs or elsewhere, and that the said trunk, when delivered to defendant as aforesaid, contained numerous articles of wearing apparel belonging to plaintiff, of the value of two hundred and fifty-two dollars and twenty-four cents, for which amount he asked judgment.

The defendants in their answer did not deny that they were common carriers and the owners of the line of stage coaches, but they traversed all the other allegations contained in plaintiff's petition. Upon the trial before the court, the delivery of the trunk to defendants and its subsequent loss were proved by an unexceptionable witness. The deposition of the plaintiff was then offered for the purpose of proving the contents of the trunk. This evidence was objected to by the defendants and excluded by the court, to which action of the court in sustaining the objection, the plaintiff at the time excepted.

Plaintiff then took a non-suit, and failing to get it set aside he has prosecuted his appeal.

By the common law rules of evidence, all parties in interest, and parties to the record, were excluded from giving testimony. But these were exceptions to these rules originating in necessity. Where a trunk was delivered to a bailee, or a common carrier, for transportation, and it was lost, or its contents purloined or violated, the owner, after proving its delivery by independent evidence, was admitted as a witness to testify to the particular contents of the trunk, there being no other evidence of the fact to be obtained. This exception arises *ex necessitate rei*, for it is not usual for persons in such cases, however prudent they may be, to exhibit the contents of their trunks to strangers, or to provide other evidence of their value. As a general proposition in such cases no better evidence is attainable, and when such is the fact it will be admissible. But the counsel for the defendants virtually admit this to be the rule at common law, and insist that it has been changed by statutory enactment in this State.

The code of 1855, in relation to witnesses, removed the common law disqualification to witnesses testifying on account of interest; it admitted those who were before incapable, and declared that the objection should go to their credibility, not to their competency. The language of the first section being drawn in general terms, provided that no

person offered as a witness should be excluded by reason of his interest in the event of the action. This phraseology was sufficiently broad to admit all parties to the record inclusive. The innovation on the common law was not intended to go to that extent at that time, hence it is enacted in the sixth section that parties to the action, or any person for whose immediate benefit the action is prosecuted, shall be incompetent. This left the principle governing in the production and admissibility of evidence as to parties just where it previously existed, and was nothing more than declaratory of the common law. It is palpable and manifest that the whole scope of the enactment, and the purpose the Legislature had in view, in interfering, was to enlarge and liberalize the rules of evidence, and not to restrict them; and least of all was it the intention to render incompetent any person whose competency was engrafted in the rigid rules of the law on account of necessity.

For the error in excluding the deposition of the plaintiff, the judgment will be reversed and the cause remanded. The other judges concur.